# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MORGAN, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | No. 18-3671 |
| : | |
| BANK OF AMERICA, N.A., : | |
| COUNTRYWIDE BANK, F.S.B.; : | |
| COUNTRYWIDE HOME LOANS : | |
| SERVICING, LP; CWALT, INC.; : | |
| THE BANK OF NEW YORK MELLON : | |
| f/k/a THE BANK OF NEW YORK; : | |
| ISSUING ENTITY TRUST ALTERNATIVE : | |
| LOAN TRUST 2007-OA11; AND : | |
| DOES 1-100 inclusive, : | |
|     Defendants. : | |

**McHUGH, J.**                                                                                                                                                              **March 25, 2019**

## MEMORANDUM

This is an action brought by a homeowner who unfortunately lost her home in foreclosure. She defended the foreclosure action vigorously in state court, and the central question in this case is whether the state court adjudication against Plaintiff bars her claims here. I conclude that it does with respect to the majority of Plaintiff's claims, and the remainder fail for other reasons. I therefore grant Defendants' Motion to Dismiss.

### I. Factual and Procedural Background

Plaintiff Kathleen Morgan formerly owned a home in Landenberg, Pennsylvania ("Property"). She lost that Property in a state court foreclosure action brought by Bank of America—Defendant here—in the Chester County Court of Common Pleas. Order of Tunnell, J., Chester Cty. Ct. of Common Pleas, Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. The state court determined that Bank of America was the lawful mortgagee on the Property and that

1

Plaintiff was in default on the mortgage. *Id.* Specifically, the state court determined that Bank of America was the mortgagee because it possessed (1) a promissory note executed by Plaintiff containing her promise to repay the amount borrowed to purchase the Property and (2) a properly recorded assignment of mortgage. *Id.* Plaintiff "fail[ed] to identify, let alone offer any record evidence, that [Bank of America] [was] not the holder of the mortgage and in possession of the promissory note." *Id.* Plaintiff also "admitted that she defaulted under the terms of the mortgage" due to her failure to make principal and interest payments "and admitted the amount alleged to be due and owing." *Id.* The state court found no factual support in the record for any of Plaintiff's other defenses and therefore granted summary judgment for Bank of America, finding that it had "establishe[d] a *prima facie* cause of action in mortgage foreclosure." *Id.* The court later denied reconsideration of its summary judgment order.

Subsequently, Plaintiff filed this complaint against Bank of America and other banks and mortgage loan servicers, asserting sixteen claims related to that Property: (1) breach of contract, (2) unconscionable contract, (3) rescission, (4) breach of fiduciary duty, (5) unjust enrichment, (6) fraud in the concealment, (7) fraud in the inducement, (8) violation of the Fair Credit Extension Uniformity Act (FCEUA), (9) violation of the Fair Debt Collection Practices Act (FDCPA), (10) violation of the Truth in Lending Act (TILA) and the Home Ownership and Equity Protection Act (HOEPA), (11) violation of the Real Estate Settlement Procedures Act (RESPA), (12) RICO/racketeering; (13) lack of standing/wrongful foreclosure, (14) quiet title, (15) slander of title, and (16) the negligent and intentional infliction of emotional distress. Compl. ¶¶ 83-200. She seeks a declaratory judgment, injunctive relief, and damages. *Id.* ¶¶ 200-205. She also seeks to quiet title to the property in her name. *Id.* ¶¶ 183-190. Significantly, these claims were asserted as defenses to the state court foreclosure action. Here, Defendants

responded to Plaintiff's complaint by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**II.     Standard of Review**

Defendants' Fed. R. Civ. P. 12(b)(6) motion is governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

**III.    Discussion**

A.  <u>Plaintiff's claims are barred by collateral estoppel.</u>

I must apply Pennsylvania law in determining the preclusive effect of a state court judgment. *See Metro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 350–51 (3d Cir. 2014). Under Pennsylvania law, "[t]he doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment." *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005).

First, the issue underlying all of Plaintiff's claims here is that Defendants engaged in some sort of fraud or misrepresentation and therefore lack legal authority to foreclose on the Property. Pl.'s Resp. Defs' Mot. Dismiss 2, ECF No. 17 ("Defendants are foreclosing on a fraudulently originated mortgage for which they cannot produce legitimate documents . . . Defendants submitted forged and fraudulent documents.").

The issue of Bank of America's legal authority to foreclose on the Property due to lack of fraud or misrepresentation is identical to that presented and decided by Judge Tunnell in the state court foreclosure action: "Plaintiff's motion establishes a *prima facie* cause of action in mortgage foreclosure. First, Plaintiff has standing to maintain this action. The evidence of record demonstrates that Plaintiff is the mortgagee by virtue of an assignment of mortgage . . . In addition, Plaintiff's motion includes a copy of a promissory note executed by Defendant." Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8.

Second, there was a final adjudication on the merits in the state court action when that court granted summary judgment in Bank of America's favor and later denied reconsideration of its order.

Third, Plaintiff was party to the state court judgment.

Fourth, Plaintiff had a full and fair opportunity to litigate this issue in the prior state court proceeding. Plaintiff submitted briefs in the state court proceeding which included a response to Bank of America's summary judgment motion. *Id.* She also sought reconsideration of the state court's judgment against her. Opinion of Tunell, J., (Chester Cty. Ct. Common Pleas Dec. 8, 2017).

Fifth, the determinations that Bank of America did not engage in fraud or misrepresentation, had legal authority to foreclose on the property, and should therefore prevail were essential to the state court's judgment for Bank of America. I recently addressed similar facts in *Doughty v. Wells Fargo Bank, N.A.,* 2018 WL 1784159 (E.D. Pa. Apr. 13, 2018) and concluded that principles of collateral estoppel applied because the state court necessarily determined the right of the lender to proceed to foreclosure. *Accord Humphreys v. McCabe, Weisberg & Conway, P.C.,* 2016 WL 9024599, at *4 (E.D. Pa. Feb. 4, 2016), *aff'd,* 686 F. App'x 95 (3d Cir. 2017).

In the underlying state foreclosure case, the Chester County Court of Common Pleas granted mortgagee Bank of America's summary judgment motion and—given the broad array of defenses asserted by Ms. Morgan—necessarily determined that the bank did not engage in fraud. That court had to consider the validity of the mortgage agreement, the validity of the assignment, and the validity of the title to the Property and found for Bank of America. That court, having found no fraudulently originated mortgage or other fraud, also determined that Bank of America could lawfully foreclose on the Property. Such matters may therefore not be relitigated by Plaintiff here.

B. Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and for other reasons.

To the extent Plaintiff seeks review of the state court proceedings by filing her wrongful foreclosure claim and seeking a declaratory judgment, the *Rooker-Feldman* doctrine, though it has been significantly narrowed, remains viable to bar her claims. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker–Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* The first three *Rooker-Feldman* criteria are clearly met here. As for the fourth, by asserting a wrongful foreclosure claim and seeking a declaratory judgment, Plaintiff in effect asks me to reject the state court's judgment—that Bank of America could proceed with a lawful foreclose on the Property—as improper. That I cannot do because the federal courts do not sit to review and reject state court judgments. *See Blank v. Optimum Fin. Servs., LLC*, 2017 WL 1508990, at

*6 (E.D. Pa. Apr. 27, 2017), (dismissing wrongful foreclosure and declaratory relief claims for lack of subject-matter jurisdiction), *appeal dismissed*, 2017 WL 5634297 (3d Cir. 2017).[1]

Plaintiff's contractual claims and defenses from the state court action, which are reframed as affirmative claims here—including breach of contract, unconscionable contract, rescission, breach of fiduciary duty, unjust enrichment, fraud in the concealment, and fraud in the inducement—effectively seek to undermine the state court's determination that a valid mortgage agreement existed and that Plaintiff defaulted under it. The application of these general principles of law and deficits in Plaintiff's other claims are specifically addressed below.

*Breach of contract:* Plaintiff's breach of contract claim hinges on an assertion that Defendants were required to relinquish to Plaintiff the note and deed to the Property because she paid her obligations in full. Compl. ¶ 86. But the state court specifically decided this issue against Plaintiff, finding that she did not pay her obligations in full but rather "defaulted under the terms of the mortgage and admitted the amount alleged to be due and owing." Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. I may not review and reject that decision here.

*Unconscionable contract:* Plaintiff claims that the mortgage agreement was invalid because its terms were unconscionable. Compl. ¶ 88-95. Plaintiff argued the same in state court in her answer to Bank of America's complaint: "The terms of the loan are unconscionable . . . The actions of the originating lender, servicer and its agents were unconscionable." Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7. But the state court rejected this claim when it found that a mortgage agreement existed, that it was valid, and that it was Plaintiff who was in breach. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. I will not review and reject that determination here.

---

[1] See also *Laychock v. Wells Fargo Home Mort.,* 399 F. App'x 716, 718 (3d Cir. 2010) (applying *Great Western Mining* to find that the *Rooker–Feldman* doctrine barred plaintiff's wrongful foreclosure claims).

*Rescission:* Plaintiff alleges that she is entitled to rescind the loan due to (1) TILA violations, (2) failure to provide a mortgage loan origination agreement, (3) fraudulent concealment, (4) fraudulent inducement, (5) improper securitization of the Plaintiff's mortgage, (6) illegal/fraudulent transfers of the note and Deed, and (7) public policy grounds. Compl. ¶ 97. I address the TILA charge below. As to the second ground, the state court identified a promissory note setting forth the mortgage loan agreement and a properly recorded assignment of mortgage. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. I will not review and reject that finding here. As to the third, fourth, and sixth grounds, in her answer to the foreclosure complaint in state court, Plaintiff already litigated the issue of fraud before the state court. Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7. The state court found for Bank of America, determining that it possessed a properly recorded mortgage assignment and promissory note and unearthing no evidence of fraud. I will not review and reject that judgment here. As to the fifth ground, Plaintiff seemingly asserts that Defendants securitization of her mortgage destroyed her obligations on it. This court has rejected such an assertion before. *See Scott v. Bank of Am.*, 2013 WL 6164276, at *3 (E.D. Pa. Nov. 21, 2013) (surveying similar holdings by other federal district courts), *aff'd*, 580 F. App'x 56 (3d Cir. 2014). And Plaintiff has given me no reason to decide otherwise now. As to the seventh ground, Plaintiff's bare and conclusory allegation of public policy violations lacks any specificity and is insufficient to survive a motion to dismiss.

*Breach of fiduciary duty:* Plaintiff's claim fails because, under Pennsylvania law, commercial lenders like Defendants do not have a fiduciary responsibility to their borrowers. *Fed. Land Bank of Balt. v. Fetner*, 410 A.2d 344, 348 (Pa. Super. Ct. 1979); *Buczek v. First Nat'l Bank,* 531 A.2d 1122, 1124 (Pa. Super. Ct. 1987). There are exceptions to the general rule that lenders are not fiduciaries, such as when a lender gets involved in the borrower's day-to-day

management and operations or had the ability to compel the borrower to engage in unusual transactions, but such facts are not alleged here. *See Bohm v. Commerce Union Bank of Tenn.*, 794 F. Supp. 158, 164 (W.D. Pa. 1992).

*Unjust enrichment*: In Pennsylvania, "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006). Here, the state court determined that a valid written mortgage contract existed, making unjust enrichment unavailable as a remedy. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8.

*Fraud in the inducement and fraud in the concealment:* Plaintiff apparently argues that the possibility that her loan would be securitized and sold was a material fact wrongfully and fraudulently concealed from her. Compl. ¶ 37. She is incorrect. The mortgage agreement clearly stated that "[t]he Note or a partial interest in the Note . . . can be sold one or more times without prior notice to Borrower." Defs.' Mot. Dismiss, Ex. H. at ¶ 20, ECF No. 12-11. Furthermore, Plaintiff already raised the issue of fraud in her answer to the foreclosure complaint in state court. Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7; *see also* Def.'s Amended Sur-Reply, No. 15-05187 (Chester Cty. Ct. Common Pleas Dec. 7, 2016) ("[Bank of America] intended to defraud."). The state court found for Bank of America, identifying no evidence of fraud and determining that it possessed a properly recorded mortgage assignment and promissory note. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8.

Plaintiff's FCEUA, FDCPA, TILA, HOEPA, RESPA, racketeering, lack of standing/wrongful foreclosure, quiet title, slander of title, and negligent and intentional infliction of emotional distress claims effectively seek to undermine the state court's explicit determination that Bank of America "ha[d] standing," possessed a valid assignment of the mortgage and title,

and had the lawful ability to foreclose on the property. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. I apply this general principle of law to these specific claims below and also note other deficits in these claims.

*FCEUA*: Plaintiff alleges that Defendants violated the Fair Credit Extension Uniformity Act by "falsely representing the character, amount, and/or legal status of a debt." Compl. ¶ 40. I agree with Defendants that this allegation is conclusory and without plausible factual support, especially considering that the state court determined that Plaintiff "admitted the amount alleged to be due and owing." Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8.

*FDCPA:* Plaintiff's FDCPA claim fails because she has not properly alleged that Defendants are debt collectors under the Fair Debt Collection Practices Act and in fact admits that they were "creditors." Compl. ¶ 40. The other facts alleged here also suggest that Defendants are creditors, not debt collectors: they initiated this foreclosure action, thereby attempting to collect in their own name and for their own account. "Creditors" are generally not considered debt collectors under the Act. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000), abrogated on other grounds by *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721 (2017).[2]

*Lack of standing/wrongful foreclosure:* Plaintiff here alleges "lack of standing/wrongful foreclosure," asserting that "No Defendant Has Standing to Foreclose." Compl. ¶ 169-182. She alleged the same in state court, asserting that [Bank of America] "lacks standing to bring this action" and "[t]he Court does not have jurisdiction to hear the case because [Bank of America] lacks standing to file the lawsuit." Defs' Mot. Dismiss, Ex. D, ECF No. 12-7; *see also* Def.'s

---

[2] *Henson's* partial abrogation of *Pollice* does not undermine the applicability of *Pollice* here, because *Henson* stands for the proposition that a creditor may qualify as a "debt collector" if it collects debts for another, rather than for its own account. 137 S.Ct. at 1721.

9

Am. Sur-Reply, No. 15-05187 (Chester Cty. Ct. Common Pleas Dec. 7, 2016) ("Count V: Lack of Standing" . . . [Bank of America] has not demonstrated its standing to file a claim as rightful owner and holder of the Defendant's mortgage or as servicer for rightful owner and holder of the . . . mortgage note."). The state court specifically rejected this claim, writing that "[Bank of America] has standing to maintain this action." Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. The state court also clearly decided the propriety of the foreclosure when it specifically entered an in rem judgment for Bank of America "in the amount of $521,358.01, together with interest thereon from January 23, 2016, plus other costs and charges collectible under the Mortgage for foreclosure and sale of the mortgaged premises." *Id.* I will not review and reject that determination here.

*TILA/HOEPA*: Plaintiff asserts that Defendants violated TILA/HOEPA by failing to provide Plaintiff with accurate material disclosures required under TILA/HOEPA. Compl. ¶ 144. Plaintiff asserted the same in state court, writing that the "documents with which were provided, were inaccurate and failed to adequately inform of the real terms of the loan." Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7. The state court, in ruling for Bank of America, reviewed but was not persuaded by this argument. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. I will not reject that judgment here but I will note that both claims are also time-barred. The Truth in Lending Act has a one-year statute of limitations running from the date of the occurrence of the purported violation or "1 year from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e). "HOEPA is an amendment to TILA, and therefore is governed by the same remedial scheme and statute of limitations." *Harris v. EMC Mortg. Corp.*, 2002 WL 32348324, at *2 (E.D. Pa. Apr. 10, 2002); *see also Wise v. Mortg. Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393 (E.D. Pa. 2006) ("Under both TILA and HOEPA, there is a one (1)

10

year statute of limitations in which an action for damages may be brought."). Both of Plaintiff's claims relate to Defendants' purported failure to inform her of "the pros and cons of adjustable rate mortgages." Compl. ¶ 144. She seems to argue that this information should have been provided to her at the time the loan was originated, in August 2007. The statute of limitations would therefore have run as of August 2008. Plaintiff did not file this federal complaint raising these claims until ten years later—August 2018—so these claims are time-barred.

*RESPA*: Plaintiff's claim under section 2607 of the Real Estate Settlement Procedures Act is also subject to a one-year statute of limitations, running "from the date of the occurrence of the violation," which begins at the closing of the loan. 12 U.S.C. § 2614; *Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016). Plaintiff closed on her mortgage loan in August 2007 but filed this federal action including the RESPA claim in August 2018, 10 years after the statute of limitations expired. And Plaintiff has not alleged any facts requiring equitable tolling. *Wallace v. Kato,* 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."); *Hedges v. United States,* 404 F.3d 744, 751 (3d Cir.2005) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.").

*Quiet title:* Plaintiff alleges here that "Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property." Compl. ¶ 186. Plaintiff similarly attempted to question Bank of America's title to the property when she alleged in state court that "[Bank of America] has failed to show it is the holder, owner or possessor of the note and has failed to show it has the capacity to enforce the Note." Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7. The state court specifically rejected Plaintiff's claim that Bank of America did not have proper title to the Property when it ruled that it was "the mortgagee by virtue of an assignment of mortgage"

and noted that Bank of America had provided "a copy of a promissory note" and that Plaintiff failed to provide "any record evidence, that [Bank of America] is not the holder of the mortgage and in possession of the promissory note." Defs.' Mot. Dismiss, Ex. E. I will not review and reject that state court judgment here.

*Slander of title:* Plaintiff's claim here hinges on her argument that the Defendants' recordation of the deed was improper and that the mortgage was improperly transferred. Compl. ¶ 56 ("The act of recording the purported COUNTRYWIDE BANK, F.S.B. Assignment of Deed of Trust into the Official Records of the Chester County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.)" But the state court specifically examined the recordation of the deed in the Chester County Office of the Recorder of Deeds and determined that Bank of America held a proper assignment. Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8. I will not review and reject that determination here especially because Plaintiff has failed to allege any additional facts plausibly suggesting improper deed recordation or transfer.

*RICO/Racketeering:* Plaintiff alleges that Defendants "have devised a scheme to defraud and obtain money by means of fraudulent pretenses by selling or assigning a debt that they no longer owned . . . and then misrepresenting [their] ownership of the debt . . . [and] have attempted to extort Plaintiff by threatening to foreclose on the subject property." Compl. ¶ 48. Plaintiff already raised the issue of fraud in state court in her answer to the foreclosure complaint. Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7; *see also* Def.'s Am. Sur-Reply, No. 15-05187 (Chester Cty. Ct. Common Pleas Dec. 7, 2016) ("Violations of RICO . . . The conduct of Bank of America constitutes a pattern of racketeering activity."). And the state court found for Bank of America, identifying no fraud and determining that it had a properly recorded mortgage

assignment.  Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8.  I will not review and reject that judgment here.

*Negligent and intentional infliction of emotional distress:*  Plaintiff's claims hinge on the propriety of the foreclosure, arguing that the transfer of the mortgage deprived Defendants of the right to collect on Plaintiff's mortgage obligation.  Compl. ¶ 198.  Plaintiff presented the same argument to the state court:  "[Bank of America] has failed to properly document the chain of ownership . . . [and] failed to show it is the holder, owner of possessor of the note and has failed to show it has the capacity to enforce the Note."  Defs.' Mot. Dismiss, Ex. D, ECF No. 12-7.  The state court responded to this argument by explicitly finding that that Bank of America had succeeded in bringing a proper foreclosure action ("a *prima facie* cause of action in mortgage foreclosure") because it held a properly assigned mortgage.  Defs.' Mot. Dismiss, Ex. E, ECF No. 12-8.  I can identify no cognizable claim of negligent or intentional infliction of emotional distress where the state court found that Bank of America's underlying foreclosure action was proper.  Moreover, Plaintiff has failed to allege the extreme or outrageous conduct necessary to sustain an intentional infliction of emotional distress claim or physical injury necessary to sustain a negligent infliction of emotional distress claim.  *See Doughty v. Wells Fargo Bank, N.A.,* 2018 WL 1784159 (E.D. Pa. Apr. 13, 2018).

To grant Plaintiff the declaratory, injunctive, and monetary relief she seeks would require me to reject the state court judgment for Bank of America finding that it possessed a properly recorded mortgage transfer and had established a *prima facie* claim  in mortgage foreclosure.  I do not take lightly Plaintiff's financial and emotional losses due to her inability to make her mortgage payments, but the state court judgment against her precludes relief in this federal forum.

## IV. Conclusion

For the reasons discussed above, I must dismiss Plaintiff's Complaint in its entirety.

Because any amendment to Plaintiff's Complaint would be futile, dismissal is with prejudice.

/s/ Gerald Austin McHugh
United States District Judge